691 So.2d 811 (1997)
William J. KAUFMANN and Karen Kaufmann, as legal co-guardians of their daughter, Kimberly Blanche Kaufmann, and in their individual capacities,
v.
FLEET TIRE SERVICE OF LOUISIANA, INC., Willie Brooks, St. Paul Fire and Marine Insurance Company, and the City of New Orleans.
No. 96-CA-2444.
Court of Appeal of Louisiana, Fourth Circuit.
April 2, 1997.
Rehearing Denied April 30, 1997.
Dean A. Sutherland, New Orleans, for Appellants.
Marshall G. Weaver, Metairie, for Appellee.
Before BARRY, BYRNES and LANDRIEU, JJ.
BYRNES, Judge.
This is a claim for personal injuries and property damage sustained by plaintiff, Kimberly Kaufmann, when a vehicle owned by Fleet Tire Service, a Louisiana partnership consisting of Frank LaBarre and Richard Zimmerman, and driven by Willie Brooks, a Fleet Tire employee, collided with the vehicle driven by plaintiff. As a result of brain damage allegedly sustained by plaintiff in the collision with Brooks, plaintiffs' parents were appointed as her legal guardians and it is they who bring this suit on her behalf.
*812 Among those named as defendants were Fleet Tire and its insurer, St. Paul Fire and Marine Insurance Company under policy number CK08602394.
Plaintiffs' original petition was based upon negligent operation of the vehicle owned by Fleet Tire and operated by its employee Brooks. In a second supplemental petition, plaintiffs' added allegations of negligence on behalf of Fleet Tire and its principals beyond those arising out of respondeat superior:
16A.
Additionally, Frank LaBarre, Richard Zimmermann and/or Fleet Tire were guilty of the following acts of negligence, which caused or contributed to the damages sustained by petitioners:
(a) Failing to properly investigate Willie Brooks' driving record and criminal record prior to allowing Willie Brooks to operate their 1982 Chevrolet Scottsdale pickup truck;
(b) Negligently entrusting their 1982 Chevrolet Scottsdale pickup truck to Willie Brooks;
(c) Failing to institute proper rules for the use and operation of their company trucks;
(d) Failing to monitor, train and/or test their drivers concerning the proper operation of their pickup trucks;
(e) Failing to properly enforce rules against illegal and unsafe operation of their motor vehicles;
(f) And in other respects to be shown at trial.
It is undisputed that the St. Paul policy provides $1,000,000.00 of primary automobile liability insurance and an additional $1,000,000.00 of excess automobile liability coverage. Plaintiff alleges that in addition to these coverages the policy also provides $1,000,000.00 commercial general liability coverage and another $1,000,000.00 excess commercial general liability coverage both of which are triggered by the above allegations of negligence independent of Brooks' negligent operation of the vehicle.
When plaintiff originally inquired of St. Paul concerning potential coverage St. Paul informed plaintiff of the automobile coverage only. St. Paul made no mention of the possibility of coverage under the commercial general liability coverage. Plaintiff asserts that St. Paul had a duty under LSA-R.S. 22:1220 A and LSA-R.S. 22:1220 B(1) to inform plaintiff of the potential existence of such coverage and that St. Paul's failure to do so entitles plaintiff to penalties and attorneys fees pursuant to LSA-R.S. 22:658 and LSA-R.S. 22:1220 C.
On September 3, 1996, the trial court granted St. Paul's motion for partial summary judgment finding "no coverage under the Commercial General Liability section of the St. Paul Policy and no umbrella excess Commercial General Liability coverage applicable to the claims made herein, and therefore plaintiff's allegations of bad faith are dismissed." The trial court simultaneously dismissed St. Paul's motion for a protective order as moot.
Subsequently on November 22, 1996, the trial court dismissed the motion for partial summary judgment filed by Frank LaBarre, Richard Zimmerman and Fleet Tire Service.
Plaintiffs appealed from the judgment of September 3, 1996 and simultaneously applied for writs under number 96-C-2167, because there were portions of the judgment that might be construed as final while other portions might be characterized as interlocutory.
Defendants, Fleet Tire Service, Frank LaBarre, and Richard Zimmerman applied for writs to complain of the adverse decision rendered by the trial court in the judgment of November 22, 1996 denying their motion for a partial summary judgment.
In the interests of judicial economy, the writs were consolidated with the appeal. No party has objected to the consolidation.
In Leflore v. Coburn, 95-0690 (La.App. 4 Cir. 12/28/95); 665 So.2d 1323, 1333, this Court discussed the pros and cons of making a partial summary judgment finding of no coverage on one policy where the insurer would still remain in the suit to defend on another policy. This Court did not resolve the issue. In the instant case there is only one policy. However, we recognize that that may be more form than substance. Coverages *813 provided by multiple policies may just as easily be lumped into one.
Expanding on the discussion found in Leflore we note that former LSAC.C.P. art. 966 D (renumbered in 1996 to art. 966 F) refers to "the issue of insurance coverage" (emphasis added) rather than "an" issue of insurance coverage. At the risk of trying to read too much into "the" versus "an" the use of "the" as opposed to "an" implies that summary judgment may be invoked by an insurer only where it is dispositive of the coverage question as a whole, not for purposes of determining the applicability of separable coverages (whether contained as separate clauses in one policy or in separate policies) on a piecemeal basis. In other words, authority to render a partial summary judgment on the question of coverage does not necessarily include the authority to render a partial summary judgment that decides the question of coverage only partially. St. Paul in arguing in support of the trial court's partial judgment which decided the question of coverage only partially, invokes the recent amendment to LSA-C.C.P. art. 966 declaring the summary judgment procedure to be favored. However, the language of the 1996 amendment declaring summary judgments to be favored must be read in the context of the previous sentence of the same amendment explaining that the purpose of favoring summary judgments is to "secure the just, speedy, and inexpensive determination of every action." Fragmented rulings deciding coverage questions only partially are antithetical to the concept of judicial economy and are, therefore, contrary to the stated purposes of the recent amendments favoring summary judgments. Thus, if LSA-C.C.P. art. 966 permits the type of partial summary judgment rendered by the trial in the instant case, it is not pursuant to any new authority granted by the 1996 amendments.
LSA-C.C.P. art. 1915(3) specifies that a partial summary judgment on the question of coverage is not final even though it may meet all of the other criteria for a partial final judgment. This type of partial judgment is the only partial judgment denied the status of finality when it otherwise meets all requisite criteria for finality.
The Official Revision Comments state in pertinent part:
The rule that there should be one final judgment is designed to prevent multiplicity of appeals and piecemeal litigation. In cases where the rules of joinder are liberal, however, injustice could result to parties who had clearly distinct claims and who were put to the trouble of awaiting the sometimes lengthy determination of the entire suit. Statutory exceptions have, therefore, been enacted. Cf. Fed.Rule 54(b).
This Official Revision Comment antedates the 1992 amendment to LSA-C.C.P. art. 966 which added paragraph "D" permitting partial summary judgment on the issue of coverage and the 1992 amendment to LSA-C.C.P. art. 1915 denying finality to partial judgments on the issue of insurance coverage, but we find that in enacting the amendments that the legislature did not intend to change in any way the philosophy expressed in the Official Revision Comment opposing a multiplicity of appeals and piecemeal litigation.
We conclude that the authority conferred by LSA-C.C.P. art. 966 to render partial summary judgments on the question of insurance coverage was not intended to authorize partial judgments that decide only part of the coverage question, as was done in the instant case. The partial judgment of the trial court in the instant case achieves none of the goals that have traditionally been cited as justification for the granting of a partial judgment. Rather than serving the ends of judicial economy, the trial court judgment in this case has resulted only in additional litigation. Nor can St. Paul complain that it is being held unnecessary hostage to protracted litigation as the victim of liberal rules of joinder because the trial court judgment does not alter the fact that St. Paul must remain in the suit and continue to defend the same insurance policy.
Because the trial court found that the St. Paul policy provided no Commercial General Liability coverage applicable to the facts as alleged by the plaintiffs, it also found that *814 there was no foundation for plaintiffs's claim that St. Paul acted in bad faith in failing to inform them of the potential existence of such coverage and dismissed plaintiffs' claim against St. Paul for damages and penalties arising out of said bad faith. As we have determined that it was inappropriate for the trial court to determine the question of Commercial General Liability coverage on motion for partial summary judgment, it follows that it was inappropriate for the trial court to grant additional partial relief based on the inappropriate partial coverage determination. For that reason we also vacate the balance of the judgment of September 3, 1996, in which the trial court dismissed "plaintiff's allegations of `bad faith'" and dismissed St. Paul's Motion for Protective Order as moot.
We are vacating the judgment of September 3, 1996 on procedural grounds only, and nothing in this opinion should be construed as an expression by this Court of its view of merits of the positions of the various parties on these issues. This ruling effectively disposes of the plaintiffs' appeal and plaintiffs' writ application number 96-C-2167.
Consolidated with this appeal is also a application for writs filed by defendants, Frank LaBarre, Richard Zimmerman and Fleet Tire Service in the same matter under number 96-C-2770. Applicants request this Court to reverse the trial court's denial of their motion for summary judgment which in effect was a motion for partial summary judgment. The thrust of that motion for summary judgment was applicants's request of the trial court to dismiss plaintiffs-respondents's claims against them based on theories of negligence alleged in paragraph 16A (quoted near the beginning of this opinion) of plaintiffs-respondents's Second Supplemental and Amending Petition that plaintiffs-respondents themselves characterize as "independent theories," separate and apart from the direct negligence of the driver, Willie Brooks, as attributable to the applicants through the doctrine of respondeat superior as Brooks's employer.
The denial of the partial summary judgment of November 22, 1996 was appropriate in this case because it failed to grant all or part of the relief prayed for by the respondents. The damages prayed for by the plaintiffs against applicants' under the "independent theories" of negligence were identical to those prayed for by plaintiffs against the applicants' under plaintiffs' original theories of recovery. The partial summary judgment rendered by the trial court did not reduce applicants potential liability to plaintiffs. It did not result in the dismissal of any party to the suit. We would characterize plaintiffs' "independent theories" of recovery in the instant case as arising out of "the operative facts of a single transaction or occurrence," where a partial judgment is inappropriate, as distinguished from the situation where "two or more actions are cumulated which could have been brought separately because they were based on the operative facts of separate and distinct transactions or occurrences," where a partial judgment "as to one separate and distinct cause of action is generally appropriate...." Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1239 (La.1993). Where, as in the instant case, the elements of damages claimed are the same regardless of which of plaintiffs's theories of recovery is successful, it is difficult to envision a situation in which this Court would characterize the different theories as separate and distinct causes of action appropriate for partial summary judgment. In Pape v. ODECO, Inc., 93-1005 p. 7 (La. App. 4 Cir. 9/21/94); 643 So.2d 229, 232, this Court found that although "Pape failed to state a cause of action under the Jones Act and general maritime law ... this court cannot grant a partial judgment on a no cause of action exception" because "such a partial judgment would dismiss one theory of recovery and not the entire cause of action arising from Pape's injury ..." The same reasoning applies to the instant case as this Court in Pape at p. 233, noted that "there is no reason why a partial summary judgment should be treated differently than [sic] a partial judgment on an exception of no cause of action." Pape went on to reverse a partial summary judgment because "it did not dismiss a party or the entire cause of action" and found that such a partial judgment "encourages piecemeal litigation and uneconomical use of judicial time." Id. Here the ruling of the trial court results in "piecemeal litigation and the *815 uneconomical use of judicial time" because the plaintiffs will still be trying to prove the same damages against the same defendants, all arising out of the same vehicular collision. We incorporate the rationale of the Pape court into this opinion and affirm the denial of the partial summary judgment rendered by the trial court on November 22, 1996 and remand for further proceedings.
For the foregoing reasons the judgments of the trial court of September 3, 1996, is vacated and remanded; the judgment of November 22, 1996, is affirmed.
JUDGMENT OF SEPTEMBER 3, 1996 VACATED AND REMANDED; JUDGMENT OF NOVEMBER 22, 1996 IS AFFIRMED.