700 So.2d 1156 (1997)
Gene YOUNG and Brenda Young
v.
DUPRE TRANSPORT COMPANY and Lion Uniform Company.
No. 97-CA-0591.
Court of Appeal of Louisiana, Fourth Circuit.
October 1, 1997.
*1157 Wilkerson, Tate & Williams, Iris A. Tate, New Orleans, for Plaintiff-Appellant Gene Young.
Roger D. Marlow, David J. Knight, Hulse & Wanek, Covington, for Defendants-Appellees.
Bruce W. Harris, New Orleans, for Plaintiff-Appellant Brenda Young.
Before KLEES, BYRNES and PLOTKIN, JJ.
BYRNES, Judge.
The trial court awarded summary judgment in favor of the defendants Dupre Transport Company and David Perez dismissing plaintiffs' suit as to those defendants. Plaintiffs, Gene and Brenda Young, bring this appeal.
The original motion for summary judgment brought by these defendants was denied by the trial court. The defendants later brought a second motion for summary judgment which the trial court granted and which is the subject of this appeal. The plaintiffs contend that the defendants had no right to bring this second motion as the denial of their first motion should be given res judicata effect, barring the second motion. There is no merit to the plaintiffs position. Snipes v. Southern Baptist Hospital, 243 So.2d 298 (La.App. 4 Cir.1971) stands only for the proposition that a judgment granting of a motion for summary judgment will support a plea of res judicata. A judgment granting a motion for summary judgment represents an adjudication of all or part of the merits of a case based on the failure of the party opposing the motion to raise any genuine issues of material fact to controvert the prima facie case made by the mover. In this sense the granting of a motion for summary judgment is very much analogous to the granting of a default judgment based on a prima facie case made by the plaintiff. Therefore, when a motion for summary judgment is granted an adjudication can be said to have occurred. When a summary judgment is denied no adjudication takes place. Such a denial is the antithesis of an adjudication. It is based on a finding that one or more genuine issues of material fact exist requiring a trial on the merits before an adjudication can be made. The denial of a motion for summary judgment is, in effect, a finding that no adjudication of the merits can be made at the time the motion is denied. In denying the defendants' motion for summary judgment the court did not rule in favor of the merits of the plaintiffs case in whole or in part. In Francioni v. Rault, 570 So.2d 36 (La.App. 4 Cir.1990), writ denied, 575 So.2d 371, this court permitted a motion for summary judgment to be re-urged by the defendants where it had previously been twice denied, noting that the previous denials had no res judicata effect. A summary judgment which may be properly denied at the outset, may subsequently become appropriate as the record develops.
On March 11, 1991, the plaintiff, Gene Young[1] was employed by Mobil Oil Corporation as a rackman at Mobil's refinery in Chalmette, Louisiana. He was injured in an explosion on that date while in the act of loading a tank truck owned by the defendant Dupre Transport and driven to Mobil's premises by the defendant, David Perez, a Dupre Transport driver.
The plaintiff maintains that the explosion resulted in part from a defect in the grounding system employed by Mobil and that Perez, as the driver of the Dupre Transport tractor/trailer, should have inspected the grounding system for defects and prevented the accident sued upon by employing Dupre Transport's grounding system in addition to that provided by Mobil.
Plaintiffs contend that the opinion of Fire Marshall Nunenmacher as expressed in his deposition that the explosion was caused as a result of static electricity generated in the *1158 loading process because of a faulty ground wire running from the loading dock to the truck raises a genuine issue of material fact as to the negligence of Dupre Transport and its employee-driver, Perez. Defendants counter that the Fire Marshall's opinion was only a preliminary opinion that is refuted by later opinions of others who had greater expertise and better information available on which to base their opinions as a result of additional information obtained as a result of a more thorough investigation made subsequent to the time the Fire Marshall expressed his opinion. Moreover, the Fire Marshall testified in his deposition that:
[W]e don't have the expertise to be able to actually determine the final cause.
* * * * * *
The reason why we defer it is because the nature of the fire being in a oil refinery we are not familiar with the procedures, the processes, so forth. We don't have the skill.
Fire Marshall Nunenmacher also testified by deposition that he did not know whether the loading nozzle itself had a grounding system and that the grounding wires were hooked up between the loading dock and the vehicle. He also testified that the grounding system of the loading rack was not tested while he was present and that he could not describe the grounding system or the engineering of it. Nunenmacher further testified that other than a conversation with Mobil's fire marshall in which it was suggested that static electricity was a cause, he never received any correspondence, reports, phone calls, or communications of any kind regarding the results of Mobil's follow up investigation.
Fire Marshall Ronald J. Nunenmacher was involved in the initial investigation of the explosion and fire. The defendants acknowledge that Nunenmacher was of the opinion that the explosion was a result of a faulty grounding system, which opinion would permit a finding of liability on the part of Dupre Transport and Perez. Defendants contend that had Nunenmacher had information turned up in the course of subsequent investigations he would have concluded differently. Defendants note that Nunenmacher admitted that he did not have the expertise of a petroleum engineer. Defendants contend, therefore, that it was appropriate to grant the summary judgment based on the admitted superior expertise of others found in the record.
The record contains an affidavit of Fred G. Liebkemann, a mechanical engineer retained by the plaintiff-appellant, expressing the opinion that the defendant, Perez, Dupre Transport's employee was negligent "in not employing the grounding system built on the truck and trailer of the Dupre Transport vehicle" and "in not assuring that a proper grounding system was in good working order and was attached to the truck before loading of the truck." In their brief defendants contend that Liebkemann based his affidavit on "Nunenmacher's conclusion as to the cause of the explosion." However, when deposed at a later date after doing further investigation, Mr. Liebkemann stated that based on new information he was no longer of the opinion that Perez had been negligent on either score. Consequently, defendants contend that Liebkemann's original affidavit having been repudiated by Liebkemann in his deposition, it no longer raises a genuine issue of material fact.
However, plaintiffs note that Liebkemann's deposition opinion was predicated on the supposition "that the Mobil investigation report is correct and the testimony of Mr. Perez, Mr. Young, and the other Mobil employees is correct ..." In a second affidavit made subsequent to his deposition, Mr. Liebkemann retreated from the conclusions reached in his deposition where he repudiated his original affidavit:
However, upon further reviewing the deposition testimonies of Lenny Serpas and Joseph DeRose, affiant cannot rely on the Mobil Oil report because of the factual discrepancies between Mobil Oil's account of the accident and the deposition testimonies of Serpas and DeRose.
Affiant further avers that the opinion of Fire Marshall Nunemacher [sic] that the fire resulted from the faulty ground line from the refinery loading dock area to the vehicles also raises a question as to whether *1159 or not the actions taken or the actions not taken by Dupre Transport Company and its driver may have contributed to his accident.
It is difficult to determine what Mr. Liebkemann's opinion is.
Because of the apparent vacillation in Mr. Liebkemann's opinions a fact finder might chose to give less weight to those opinions if called upon to make a judgment based on the record as it now stands.
There is no denying that a hose wire was cut. Plaintiffs rely on the fact that rackman Serpas testified in his deposition that the wire that was cut was not a ground wire and that had the defendants exercised proper precautions they would have provided other grounding in order to allow for such an eventuality. Defendants argue that the finding of the Mobil investigation that the cut wire(s) was a ground wire should, in effect, be given greater weight because of Serpas' lack of expertise in the field, i.e., Serpas was admittedly not qualified to tell what kind of wire he cut.
This is a close case. It arose prior to the August 15, 1997 effective date of Act 483 of 1997 which amended the summary judgment law. Under the law as it existed prior to July 1, 1997 it was easier for the party opposing summary judgment because the burden was on the mover to negate all essential elements of the non-mover's claim. However, Act 483 of 1997 enacted new provisions with the intention of making it easier for the moving party to obtain summary judgment in a close case such as this by altering the burdens of proof in favor of the moving party. Therefore, it may now be appropriate to grant summary judgment in close cases that would have been denied under the old law.
Moreover, on September 5, 1997 (the day after this case was argued to this Court), the Supreme Court remanded the case of Kaufmann v. Fleet Tire Service of Louisiana, 97-1428, 699 So.2d 75 (La.9/5/97) to the trial court "to reconsider in light of Act 483 of !997 ..." We view this as a clear indication that the Supreme Court intends that the new law be applied retroactively because the new law had not gone into effect a the time this Court rendered its decision in Kaufmann on April 2, 1997.[2]
Following the Supreme Court's lead we find that it is appropriate to remand this case for reconsideration under the new law. Not only is this appropriate because it tracks the actions of the Supreme Court which customarily does its own de novo review in summary judgment matters but refrained from doing so in Kaufmann, but also because if we were to apply the new law to the record as it now stands it would fail to allow for the possibility that either or both of the parties might have presented their case differently had they known that the new law was to apply. It is for this latter reason that we assume that the Supreme Court remanded Kaufmann to the trial court rather than to this Court. Remanding to the trial court will give the parties a chance to augment the record in contemplation of any differences they perceive in the burdens of proof under the new law. As it stands, the plaintiffs will bear the burden of proof at a trial on the merits on all the factual disputes that they contend on this appeal raise genuine issues of material fact. Therefore, once the parties have had a chance to respond to the new law on remand, if the plaintiffs offer nothing more in support of their case, it may well be that the trial court will conclude that "there is an absence of factual support for one or more elements essential" to plaintiffs' claim, and that the plaintiffs have failed "to produce factual support sufficient to establish that [they] will be able to satisfy [their] evidentiary burden of proof at trial."
Accordingly, we vacate the judgment of the trial court and remand this case for reconsideration in light of Act 483 of 1997.
VACATED AND REMANDED.
NOTES
[1] Gene Young's wife, Linda Young, is also a plaintiff based on her own claim for loss of consortium, etc.
[2] 96-2444, 691 So.2d 811 (La.App. 4 Cir. 4/2/97)