846 So.2d 798 (2003)
MONUMENTAL LIFE INSURANCE COMPANY
v.
Michael LANDRY.
No. 02-891.
Court of Appeal of Louisiana, Third Circuit.
February 19, 2003.
Tricia A. Martinez, Baldwin & Haspel, L.L.L., New Orleans, LA, for Plaintiff/Appellant, Monumental Life Insurance Co.
*799 Edward P. Landry, Landry & Watkins, New Iberia, LA, for Defendant/Appellee, Michael Landry.
Jeffrey A. Rhoades, Swift & Rhoades, Lafayette, LA, for Defendant/Appellee, AmerUs Life Ins. Co.
Court composed of NED E. DOUCET, JR., Chief Judge, JOHN D. SAUNDERS, and BILLIE COLOMBARO WOODARD, Judges.
WOODARD, Judge.
Monumental Life Insurance Company (Monumental) appeals the trial court's grant of summary judgment in Mr. Michael Landry's favor, which dismissed its claim against Mr. Landry for his alleged breach of the Agent's Agreement he signed during his employment with them. Essentially, the trial court concluded that the non-solicitation clause in the agreement did not comply with geographical limitations imposed by statute. Thus, it was null and void and should be given no effect. We find that a genuine issue of material fact exists, regarding whether the geographical limitations in the agreement are sufficiently identifiable as the statute and its jurisprudential interpretation require. Therefore, we reverse the judgment.

* * * * *
Mr. Landry worked as an insurance agent for Monumental for 14 years. During the course of his employment, he signed several Agent's Agreements, the last one of which is the subject of this lawsuit. The agreement included a clause, prohibiting him from soliciting any customer who had held a Monumental policy within the last two years of his employment with them and who was in the area in which his district office serviced. He worked in the New Iberia district office the entire 14 years. Shortly after he left Monumental, he went to work for a competitor, AmerUs. He began soliciting some of the customers he had serviced for Monumental.
Monumental responded with a petition for damages and injunctive relief, based on different theories, one of which was breach of contract. Within the very terms of the contract, injunctive relief was provided as a remedy for any breach. Thus, the trial court granted the preliminary injunction.
Mr. Landry filed a summary judgment motion on, only, the breach of contract claim, which was initially denied. Subsequently, based on newly acquired evidence, he filed a motion for a rehearing on the summary judgment motion, which the court granted. Monumental filed for supervisory writs. This court denied the request because the judgment was an interlocutory order. Subsequently, the trial court certified it as a final judgment for the purpose of appeal.
We must decide whether the trial court erred, procedurally, in entertaining the motion a second time and, if not, whether there exists any genuine issue of material fact, regarding whether the geographic area described in the agreement can be identified.
SUMMARY JUDGMENT PROCEDURE
Initially, Monumental asserts that summary judgment was inappropriate because it was not properly before the trial court at the time of its grant. Because there is no procedural vehicle, technically, entitled "Motion for Rehearing on Motion for Summary Judgment Based on Newly Acquired Evidence," it argues that the court should not have considered the issue a second time. Moreover, it urges that Mr. Landry improperly circumvented the requirements for a new trial.
However, this court has held that after the trial court has denied a motion for *800 summary judgment, the movant can re-urge the motion a second time.[1] A trial court may deny a motion for summary judgment, initially, yet find that it becomes appropriate as the parties further augment the record during pre-trial discovery.[2] Nonetheless, summary judgment can become appropriate at some later stage, only, if the movant has supplemented the record with meaningful additions which clearly establish that there is no longer any issue of material fact to be determined by a trial on the merits.
In the instant case, Mr. Landry supported his second motion for summary judgment with a greater number of depositions, but none were notably different in substance from the single deposition he offered to support the first motion; albeit, some of the additional deponents were, perhaps, more credible than the first, another former Monumental employee currently working for AmerUs. Nonetheless, a trial court must resist any inclination to allow credibility determinations to invade the realm of summary judgment.[3] "While deposition testimony may be used to support or oppose a motion for summary judgment, it may not be weighed."[4] Thus, we review whether summary judgment was appropriate.
STANDARD OF REVIEW FOR SUMMARY JUDGMENT
We review summary judgments, de novo, under the same criteria which govern the trial court's consideration of whether summary judgment is appropriate.[5] Therefore, a motion for summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue regarding a material fact, and that the mover is entitled to judgment, as a matter of law.[6] Although summary judgment is favored, the moving party still has the burden of proving that it is appropriate by demonstrating that no material issues of fact remain.[7]
AGENT'S AGREEMENT
The provision of the agreement in dispute is as follows:
7. COVENANT NOT TO COMPETE

a. For a period of two years from the date of the termination of my appointment as Agent, including my voluntary termination of employment, I shall not directly or indirectly do any of the following, or aid or assist others to do any of the following in any county or counties serviced by the district office or branch office in which I have ever been assigned [.]
(Emphasis added.) Afterwards, the agreement specifies certain prohibited activities, including soliciting or selling insurance to individuals who had policies with Monumental at the time of Mr. Landry's termination or within two years prior to it.
To comply with La.R.S. 23:921, the agreement must specify the "parish or parishes, or municipality or municipalities, *801 or parts thereof," in which the former employee is to refrain from soliciting customers.[8] This circuit has held that the failure to identify each parish by name does not automatically nullify the agreement; rather, its validity depends on whether the area is "identifiable."[9]
IDENTIFIABILITY OF GEOGRAPHIC AREA
Mr. Landry offered the affidavits of four former Monumental employees, each of whom states that:
He knows for a fact that Monumental Life Insurance Company District Offices did not have any geographical restrictions or guidelines and did not service any specific county, counties, parish, parishes, and/or municipalities and furthermore... he was instructed that his district had no set boundaries.
The fifth affidavit, that of Mr. Landry's father, currently employed by Monumental, contains language very similar to that above.
Additionally, in the following deposition testimony, Monumental's own witness, Mr. Guidry, admitted that there were no restrictions, concerning where the agents could sell:
Q. My question is, if your agent comes to you and he says, Man, I know we're in the Houma district, Buddy, I've got me an account in New Orleans that is dying to write with me, and I mean, they are big.
A. Right.
Q. What you're going to tell him?
A. I would tell him to go to New Orleans and write it.
Q. Go get it, huh?
A. Yeah. The only thing I'd warn him about is that, if you're going to write it, you're going to have to service it.
. . . .
Q. But it was serviced out of that office.
A. Right. But you know, I mean, people didn't do that as a habit, because it became too expensive to service, if you had people spread out all over.
Q. Sure, sure. But there were no geographical guidelines that said you can't sell here, you can't sell there. The district would process a policy that was brought in by anybody from anywhere.
A. Right. There was no rule that said you couldn't go outside of your area to write business.
. . . .
A. If we have a policy in an area that's outside the general realm of our district, it doesn't expand our limits to include Shreveport, Bossier City and all that other stuff. Sure, if we have a piece of business over there, then that piece of business belongs to us.
Q. And would be serviced by this office.
A. And should be serviced by this office. But it don't mean that whole area belongs to us.
(Emphasis added.)
We do not find the testimony on both sides of the argument to be irreconcilable. Common sense tells us that, of course, a company such as Monumental in the business *802 of writing insurance policies, is not going to reject business which an agent brings in, because, technically, it is outside of his or her assigned area. Thus, we do not believe that this leads to the inevitable conclusion that there were no such designated areas for each district.
Furthermore, in his affidavit, Mr. Guidry, specifically, controverts the allegation that the geographic area is not identifiable, with his statement that "[d]uring Landry's employment with Monumental, the parishes serviced by the New Iberia District were St. Mary, Iberia, St. Martin, Lafayette, St. Landry, Vermillion, Acadia, Jefferson Davis, Calcasieu, Cameron, Evangeline and Iberville."
Notwithstanding, there appears to be contradictory evidence which, at least, blurs boundaries, rendering them not readily and undisputably identifiable. We find that this issue is a genuine issue of material fact, requiring further evidence to be adduced at a trial on the merits. Thus, its resolution is inappropriate for summary judgment.
CONFUSION IN THE TRIAL COURT
Moreover, we find that support for our conclusion in a review of the transcript of the hearing on this motion. During the hearing, both attorneys, as well as the court, concede that there remains a question of fact regarding whether the geographic area can be identified:
MR. LANDRY [Defendant Landry's attorney]:
She [Ms. Martinez, Monumental's attorney] has to prove to the court right now that it can be identified, Your Honor. If she can't that injunction needs to fall and this contract is not enforceable.
. . . .
MS. MARTINEZ:
I think we have got a fact issue, and let's get a trial date, if that's where we need to go.
MR. LANDRY:
Let me say, Your Honor, and I don't haveyou know, I can understand that.
But, you know, the basiswhether you have got a trial date or not, there is a question of fact with regards to this, you know. Mr. Landry is going to live and die by it, one day, regardless.... There should not be an injunction imposed against this man.
. . . .
THE COURT:
Okay, after hearing arguments of counsel and reviewing the affidavits and other exhibits submitted in support of mover's Motion for Summary Judgment, the court finds there is a genuine issue of material fact as to what were the geographical areas or specificity to the areas that the Iberia District Office did serve, and will grant the Motion for Summary Judgment.
. . . .
MS. MARTINEZ:
Okay. I am confused. The reasons for judgment, that there is a genuine issue of material fact, and in my opinion, that would preclude the granting of Summary Judgment.
THE COURT:
The contract says that he can't compete in the areas that the District Office services, correct?
MS. MARTINEZ:
That's Correct.
THE COURT:
And it is unclear now. There was a reformation. The Third Circuit ruled we can modify if it is identifiable as to what areas that particular district, in this particular case
*803 MS. MARTINEZ:
-so you are ruling that the area is not identifiable. There is no genuine issue of material fact, as to whether it is identifiable?
THE COURT:
And because it is not, that is violative of Title 23, the Section in regards to these type [sic] of contracts, non-compete contracts. Correct?
MS. MARTINEZ:
Okay. So you are ruling there is no genuine issue.
THE COURT:
I am granting the Motion for Summary Judgment.
(Emphasis added.)
The issue was not whether the injunction should be lifted but, rather, whether there was an issue of material fact left to be decided, at trial, regarding the identifiability of the geographic area cited in the agent's agreement. Clearly, this issue remains to be resolved. Therefore, we reverse the trial court's grant of summary judgment.

CONCLUSION
For the foregoing reasons, we reverse the trial court's grant of summary judgment and remand for a trial on the merits, where further evidence can be adduced to clarify the issue.
REVERSED AND REMANDED.
DOUCET, C.J., concurs.
NOTES
[1] Romero v. Charter Behavioral Health Sys. Of Lake Charles, 00-1108 (La.App. 3 Cir. 1/31/01); 780 So.2d 530.
[2] Young v. Dupre Transport Co., 97-591 (La. App. 4 Cir. 10/1/97); 700 So.2d 1156.
[3] Mouton v. Sears Roebuck, 99-669, (La.App. 3 Cir. 11/3/99); 748 So.2d 61.
[4] Id. at 67.
[5] Seaman v. Howard, 98-1492 (La.App. 3 Cir. 6/2/99); 743 So.2d 694.
[6] La.Code Civ.P. art. 966(C).
[7] Daigrepont v. AAA Transportation Co., 98-1329 (La.App. 3 Cir. 3/3/99); 736 So.2d 923.
[8] See La.R.S. 23:921(C).
[9] Petroleum Helicopters, Inc. v. Untereker, 98-1816 (La.App. 3 Cir. 3/31/99); 731 So.2d 965, writ denied, 99-1739 (La.8/5/99, 747 So.2d 40); Allied Bruce Terminix Co. v. Guillory, 94-319 (La.App. 3 Cir. 11/2/94); 649 So.2d 652, writ denied, 94-2929 (La.1/27/95); 650 So.2d 244.