STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

07-180

BARBARA ARDOIN

VERSUS

LEWISBURG WATER SYSTEM

**********
APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 05-C-5228-B
HONORABLE ELLIS J. DAIGLE, DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Sylvia R. Cooks, Glenn B. Gremillion, and James T. Genovese, Judges.

COOKS, J., dissents with written reasons.

AFFIRMED.

Gilbert J. Aucoin, II
P. O. Box 540
Ville Platte, LA 70586
(337) 363-2223
Counsel for Plaintiff/Appellant:
    Barbara Ardoin

Jimmy L. Dauzat
Dauzat, Falgoust, Caviness & Bienvenu, L.L.P.
P. O. Box 1450
Opelousas, LA 70571-1450
(337) 942-5811
Counsel for Defendant/Appellee:
    Lewisburg Water System

GREMILLION, Judge.

The plaintiff, Barbara Ardoin, appeals from the trial court's grant of summary judgment in favor of the defendant, Lewisburg Water System, and the dismissal with prejudice of her claims against it. For the following reasons, we affirm.

**FACTS**

Ardoin and her husband rented an apartment at the Lanclos Royal Heights Apartments in Opelousas, Louisiana. In March 2005, she had visited a friend in a nearby apartment and was on her way back to her apartment in the next building when she decided to check her mail. Her mailbox was located at the rear of the apartment buildings. Thus, she had to walk between the two apartment buildings to reach her mailbox. Eight in-ground water meters were located between these two buildings. At this particular time, approximately three of the covers were off the meters and lying on the ground. Ardoin tripped on one of the covers and fell across several of the meters, with her leg inside one. As a result of this accident, she suffered injuries to her lower back and right shoulder.

Ardoin filed the instant suit against Water System, alleging that the water meters were in its possession and control, thus, it was liable to her pursuant to theories of negligence, strict liability, and res ipsa loquitur. Water System answered and then filed a motion for summary judgment. Although the trial court denied this motion, a second motion for summary judgment was granted, dismissing Ardoin's claims with prejudice. This appeal by Ardoin followed.

1

**ISSUE**

On appeal, Ardoin argues that the trial court erred in granting summary judgment in this matter.

**SUMMARY JUDGMENT**

It is well settled that an appellate court performs a de novo review of the record on the appeal of a trial court's grant of summary judgment. Pursuant to La.Code Civ.P. art. 966(B), summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." Although the burden of proof remains with the movant, if that party will not bear the burden of proof at the trial on the merits, then the movant is only required to point out that the plaintiff will be unable to prove a necessary element of his/her evidentiary burden of proof at trial. La.Code Civ.P. art. 966(C)(2).

**DUTY-RISK ANALYSIS**

The law pertaining to the duty-risk analysis regarding premises liability was laid out in *Bozeman v. Scott Range Twelve Ltd. Partnership*, 03-903, pp. 5-6 (La.App. 1 Cir. 4/2/04), 878 So.2d 615, 619 (citations omitted):

> The owner or person having custody of immovable property has a duty to keep such property in a reasonably safe condition. He must discover any unreasonably dangerous condition on his premises and either correct the condition or warn potential victims of its existence. This duty is the same under the strict liability theory or La. Civ.Code art. 2317 and the negligence theory of La. Civ.Code art. 2315. Under either theory, the plaintiff has the burden of proving that: (1) the property that caused the damage was in the "custody" of the defendant; (2) the property had a condition that created an unreasonable risk of harm to persons on the premises; (3) the unreasonably dangerous condition was

2

a cause in fact of the resulting injury; and (4) the defendant had actual or constructive knowledge of the risk.

In general, defendants may have no duty to protect against an open and obvious hazard. If the facts of a particular case show that the complained of condition should be obvious to all, the condition may not be unreasonably dangerous and the defendant may owe no duty to the plaintiff. The degree to which a potential victim may observe a danger is one factor in the determination of whether the condition is unreasonably dangerous. A landowner is not liable for an injury that results from a condition that should have been observed by the individual in the exercise of reasonable care or was as obvious to a visitor as it was to the landowner. Whether a condition is unreasonably dangerous requires consideration of: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, which includes the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of its social utility or whether it is dangerous by nature.

In support of its motion, Water System introduced the deposition of Ardoin to point out that the hazard she complains of was an obvious one for which it owes her no duty of protection. Ardoin testified that she and her husband had lived at the Lanclos Royal Heights Apartments for approximately four years prior to her accident. During that time, she testified that she had walked through the subject passageway a couple of times to check her mail. She stated that she normally accessed her mailbox through the rear door of her apartment because she knew that the meters were located in that passageway and because the covers were always off them. She further stated that the apartment manager had called Water System numerous times complaining about the covers being off the meters.

On the day in question, Ardoin stated that she saw the water meters and that three of the covers were off. She denied carrying anything in her hands and said that she was looking straight ahead and was not distracted by anything. Ardoin testified that she was walking close to the left side of the building when her right foot

3

hit a cover, which caused her to fall forward across water meters.

In view of Ardoin's testimony, we find that the water meters and their covers presented an obvious condition which should have been and was observed by Ardoin prior to her fall. As stated in *Hutchinson v. Knights of Columbus, Council No. 5747*, 03-1533, p. 9 (La. 2/20/04), 866 So.2d 228, 235, "A pedestrian has a duty to see that which should be seen and is bound to observe whether the pathway is clear." In this instance, Ardoin saw the covers lying on the ground and still chose to traverse the passageway. While doing so, her foot hit a cover, causing her to fall. Since the meter covers were obvious to her, we find that they did not present an unreasonably dangerous condition for which Water System owed her a duty.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of Lewisburg Water System is affirmed. The costs of this appeal are assessed to the plaintiff-appellant, Barbara Ardoin.

**AFFIRMED.**

4

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

07-180

BARBARA ARDOIN

VERSUS

LEWISBURG WATER SYSTEM

**COOKS, J., dissents.**

In *Whatley v. City of Winnfield*, 35,132 (La.App. 2 Cir. 12/5/01), 802 So.2d 983, the court found an unreasonably dangerous condition present where a plaintiff was injured after stepping into a partially uncovered water meter. Evidence was presented that a city employee acted to remove the cover with a key, and ten days later the meter cover was unlocked and ajar when the plaintiff fell over the covers. In this case, it is undisputed that a number of covers to water meters were off and lying on the ground. Marty Lanclos, the landlord of Plaintiff's apartment complex, stated in an affidavit he called Lewisburg Water System many times to complain about the dislodged covers. The majority's opinion does not question these facts, but instead affirms the dismissal of Plaintiff's case on summary judgment because she observed the unreasonably dangerous condition, yet did not avoid it.

The majority's analysis is both harsh and shortsighted. There is no argument that the dislodged cover presented an unreasonable risk to the general public. However, even though it posed an unreasonable risk of harm it may nevertheless not be the cause or only cause of Plaintiff's injuries. To determine cause-in-fact, the courts have long applied the "but for" test. This inquiry asks "but for" the unreasonable risk of harm presented by the loose cover, would the accident have occurred? Clearly, had the cover been in its proper position, Plaintiff would not have fallen. Next, we must inquire if Plaintiff, in any way, contributed to the cause of her

injuries. Again, using the "but for" inquiry, the question becomes "but for" plaintiff not avoiding the cover, would the accident have happened? Clearly, the answer is no. Rather than preventing any recovery for Plaintiff, as the majority would do, I find the present situation is why Louisiana adopted a comparative fault system.

The majority opinion seems to revert to the old "last clear chance" doctrine, which set forth that the person with the "last clear chance" to avoid the accident, was at fault in causing it. This doctrine was created as an "equitable remedy designed to alleviate some of the harsh realities of the law of contributory negligence," which barred any recovery by the plaintiff if he were negligent in any way. *See Arcadian Corp. v. Olin Corp.*, 01-1060 (La.App. 3 Cir. 5/8/02), 824 So.2d 396, 407. With the advent of comparative negligence, this "'faded negligence' analysis [is] no longer . . . appropriate." *Id.* One noted commentator has recognized that the last clear chance doctrine is no longer relevant in today's comparative fault system:

> It is almost universally accepted that the last clear chance doctrine must disappear whenever a comparative fault regime--particularly, a "pure" comparative fault regime like Louisiana's – goes into effect.

David W. Robertson, *Love and Fury: Recent Radical Revisions to the Law of Comparative Fault*, 59 La. L.R. 175, 188-89 (Fall 1998).

Clearly, Plaintiff's failure to avoid the covers, which she admittedly was aware of, requires only that she be assessed with some portion of the fault. Her failure to avoid the covers did not cause the unreasonably dangerous condition to magically disappear. This is a summary judgment ruling. A jury might well assign negligence to both parties. The record supports a finding that an unreasonably dangerous condition existed for which the Water System owed a duty to remove or fix. Whether that condition caused or contributed to Plaintiff's injury is a question of fact which is genuinely disputed in this case. I would, therefore, reverse the trial court's grant of summary judgment.