CLARENCE E. McMANUS, Judge.
12This is an appeal from a judgment of the 40th Judicial District Court rendered on March 1, 2011 granting summary judgment to the Pontchartrain Levee District and dismissing the action brought by Jennie Alexander. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
. On October 17, 2004, Jennie Alexander was a passenger on an ATV (all-terrain vehicle) being operated by her fiancé, Cory Bunch. They were traveling on the Mississippi River levee in LaPlace in St. John the Baptist Parish. Bunch drove the ATV up the batture side of the levee at an angle and crested the top. As the ATV began descending the other side at 35 to 45 miles per hour, it struck an above-ground pipeline. Alexander was thrown to the ground and sustained a fractured mandible, broken cheekbone, fractured teeth, and a fractured foot.[1]
Alexander sued Bunch; the Parish of St. John the Baptist (“the Parish”), as owner of the pipeline; the Pontchartrain Levee District (“the Levee District”), as owner/custodian of the levee surface over which the pipeline ran; and various insurers.[2]
Both the Levee District and the Parish each filed motions for summary judgment seeking dismissal from the proceedings. The trial court conducted a | shearing on both motions and issued two Judgments with Reasons: granting the Parish’s motion for summary judgment and denying the Levee District’s motion.
The Levee District sought supervisory review, but writs were denied by both this Court and the Louisiana Supreme Court. Alexander v. Pontchartrain Levee Dist., 09-458 (La.App. 5 Cir. 9/1/09) (unpublished writ disposition), writ denied, 09-2134 (La.12/11/09), 23 So.3d 920. Meanwhile, plaintiff filed an appeal with this Court seeking review of the trial court’s granting the Parish’s motion for summary judgment. This Court affirmed and the supreme court denied writs. Alexander v. Parish of St. John the Baptist, 09-840 (La.App. 5 Cir. 3/23/10), 33 So.3d 999, writ denied, 10-1289 (La.9/17/10), 45 So.3d 1056.
The Levee District subsequently filed a motion to re-urge its motion for summary judgment. The trial court conducted a hearing on the motion and granted summary judgment. The court offered written reasons for judgment, which are as follows in pertinent part:
In order for the plaintiff to recover against PLD (Pontchartrain Levee District) for any damages she may have sustained because of the accident, she must prove the following elements: 1) the Levee District had custody of the pipeline; 2) the levee and pipeline were an unreasonably dangerous condition; 3) the unreasonably dangerous condition caused the plaintiffs injuries; and 4) defendant must have known of the un *907 reasonably dangerous condition. DeLaughter [DeLaughter] v. West Jefferson Levee District, 94-0064 (La.App. 4 Cir. 11/30/94), 646 So.2d 506; Oster v. Department of Transportation and Development, 582 So.2d 1285 (La.1991).
Plaintiff argues that the configuration of the levee and the pipeline resulted in an unreasonably dangerous condition which led to plaintiffs injury. However, in the Parish’s motion for summary judgment, the court found that the pipeline “was readily apparent and observable to anyone on the levee and anyone exercising reasonable care would not have been harmed.” Since the pipeline was readily apparent and observable to anyone on the levee, the pipeline is not an unreasonably dangerous condition. Thus, plaintiff would not be able to prove that the configuration of the pipeline and the levee created an unreasonably dangerous condition which caused the plaintiffs injury.
| Additionally, in the Parish’s motion for summary judgment, this court found the driver of the four-wheeler, Mr. Bunch, to be the “but for” cause of plaintiffs injury, as well as the substantial factor in causing the accident. Prior to the accident, Mr. Bunch consumed alcohol and ingested narcotics. Furthermore, he was speeding and trespassing when the accident occurred. Since this Court has already ruled that Mr. Bunch was the “but for” cause of the accident and the substantial factor in causing plaintiffs injury, plaintiff will not be able to prove that the unreasonably dangerous condition caused her accident. Thus, plaintiff will not be able to meet the third element necessary to prove her claim.
This is a somewhat unusual situation in that the same issues previously considered and adjudicated are again being addressed. However, a review of this case has convinced the court that reconsideration is warranted. What prevented the court from granting PLD’s previous motion for summary judgment was the issue of custody, the court finding that there existed a genuine issue of material fact as to custody in regard to the PLD. A review of the evidence, the law and the previous judgments rendered herein indicates that custody is virtually irrelevant because the court has already found that plaintiff is unable to prove other elements of her claim. Custody in itself does not necessarily connote liability. Thus, regardless of custody, plaintiff cannot satisfy her evi-dentiary burden of proof at trial.
Accordingly, the court finds that its previous finding of a genuine issue of material fact as to custody is not essential to plaintiffs cause of action because plaintiff cannot prove the other elements of her claim.
ISSUES ON APPEAL
On appeal, Alexander asserts (1) the trial court erred in reversing its previous decision which had denied the Levee District’s motion for summary judgment when no new facts had been developed or disclosed and no change in the law had occurred in the interim, and (2) the trial court erred in granting summary judgment when numerous and material issues of fact existed with respect to the Levee District’s liability for the incident at issue, particularly, the issue of whether an unreasonably dangerous condition existed.
In support of her first contention, plaintiff cites case law which holds that after an initial denial of a motion for summary judgment, the movant can re-urge | ¡¡the motion a second time and a granting of the motion may be appropriate at this later stage, only if the movant has supplement *908 ed the record with meaningful additions which clearly establish that there is no longer any issue of material fact to be determined by a trial on the merits. See Monumental Life Ins. Co. v. Landry, 02-891, p. 2 (La.App. 3 Cir. 2/19/03), 846 So.2d 798, 800; Young v. Dupre Transp. Co., 97-0591, p. 2 (La.App. 4 Cir. 10/1/97), 700 So.2d 1156, 1157; Clement v. Am. Motorists Ins. Co., 98-504 (La.App. 3 Cir. 2/3/99), 735 So.2d 670, 672 writ denied sub nom., Clement v. Am. Motorist Ins. Co., 99-0603 (La.4/23/99), 742 So.2d 886. Relying on this, plaintiff asserts that because no new facts were developed and the law did not change, the trial court erred in granting the Levee District’s motion for summary judgment.
In support of her second contention, plaintiff argues that the trial court, in granting the Levee District’s motion, mistakenly considered the eventual merits of the plaintiffs suit. Rather, she maintains the court should have focused only on whether she had successfully met her statutory burden under LSA-C.C.P. arts. 966 and 967 to defeat the Levee District’s motion for summary judgment. Beiry v. Volunteers of Am., Inc., 10-832, pp. 12-13 (La.App. 5 Cir. 4/26/11), 64 So.3d 347, 353-54. Plaintiff contends that she met that burden with evidence establishing that the pipeline created an unreasonably dangerous condition. She points to uncontrovert-ed expert testimony, photographs of the pipeline, plaintiffs eyewitness testimony, and testimony from both Levee District and Parish officials.
LAW AND ANALYSIS
It is settled in Louisiana jurisprudence that a trial court may hear the re-urging of a motion for summary judgment. Rogers v. Horseshoe Entm’t, 32,-800, p. 6 (La.App. 2 Cir. 8/1/00), 766 So.2d 595, 601 writs denied, 00-2894 (La.12/8/00), 776 So.2d 463 and 00-2905 (La.12/8/00), 776 So.2d 464 (citing Melton v. Miley, 98-1437 (La.App. 1st Cir. 9/24/99), 754 So.2d 1088, writ denied, 99-3089 (La.1/7/00), 752 So.2d 867; Francioni v. Rault, 570 So.2d 36 (La.App. 4th Cir.1990), writ denied, 575 So.2d 371 (La.1991)); Metz v. Nichols Const. Co., 615 So.2d 967, 969 (La.App. 1 Cir.1993); Efferson v. Link Belt Corp., 476 So.2d 528, 529 (La.App. 1 Cir.1985). However, a trial court may grant this re-urged motion only if the movant has supplemented the record with meaningful additions which clearly establish that there is no longer any issue of material fact to be determined by a trial on the merits. See Monumental Life Ins. Co. v. Landry, 02-891, p. 2 (La.App. 3 Cir. 2/19/03), 846 So.2d 798, 800; Young v. Dupre Transp. Co., 97-0591, p. 2 (La.App. 4 Cir. 10/1/97), 700 So.2d 1156, 1157; Clement v. Am. Motorists Ins. Co., 98-504 (La.App. 3 Cir. 2/3/99), 735 So.2d 670, 672 writ denied sub nom. Clement v. Am. Motorist Ins. Co., 99-0603 (La.4/23/99), 742 So.2d 886.
We find that the trial court did not err in entertaining the Levee District’s re-urged motion. We must now determine whether the trial court erred in granting the motion. This requires us to determine whether the record was supplemented with meaningful additions which clearly established that there was no longer any issue of material fact to be determined by a trial on the merits.
A summary judgment is appropriate when there remains no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. Alexander v. Parish of St. John the Baptist, 09-840, p. 6 (La.App. 5 Cir. 3/23/10), 33 So.3d 999, 1003, writ denied, 10-1289 (La.9/17/10), 45 So.3d 1056; LSA-C.C.P. art. 966(B). Summary judgments are now favored in the law and the rules should be liberally *909 applied. Id, (citation omitted). The summary judgment procedure shall be construed to accomplish the ends of just, speedy, and inexpensive determination of allowable actions. Id. 09-840 at 6-7, 83 So.3d at 1003 (citations omitted).
17Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Alexander, 09-840 at 7, 33 So.3d at 1004 (citations omitted). The mover bears the burden of proof; however, the mover need only to “point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim.... ” Id, (quoting LSA-C.C.P. art. 966 C(2)). Once the mover has made a prima facie showing that the motion shall be granted, the burden shifts to the adverse party to present evidence demonstrating that material factual issues remain. Id. (citation omitted).
A fact is “material” when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. Alexander, 09-840 at 7, 33 So.3d at 1004 (citation omitted). Facts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute. Id.
In order to determine whether a plaintiff should prevail on a claim in negligence, Louisiana courts employ a duty-risk analysis. Long v. State ex rel. Dept. of Transp. & Dev., 04-0485, p. 21 (La.6/29/05), 916 So.2d 87, 101 (citation omitted). A duty-risk analysis involves five elements which must be proved by the plaintiff: (1) proof that the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) proof that the defendant’s conduct failed to conform to the appropriate standard (the breach element); (3) proof that the defendant’s substandard conduct was a cause-in-fact of the plaintiffs injuries (the cause-in-fact element); (4) proof that the defendant’s substandard conduct was a legal cause of the plaintiffs injuries (the scope of liability or scope of protection element); and (5) proof of actual damages (the damages element). Id. (citations omitted). If the plaintiff fails to satisfy one of the elements of duty-risk, the | ^defendant is not liable. Pitre v. Louisiana Tech Univ., 95-1466, p. 9 (La.5/10/96), 673 So.2d 585, 590.
In the instant case, on the Parish’s motion for summary judgment, the trial court found that plaintiff did not meet the duty prong and so granted the motion.
Duty can be stated generally as the obligation to conform to the standard of conduct of a reasonable man under like circumstances. Seals v. Morris, 410 So.2d 715, 718 (La.1981). A landowner owes a plaintiff a duty to discover any unreasonably dangerous condition and to either correct the condition or warn of its existence. Pitre v. Louisiana Tech Univ., 95-1466, p. 9 (La.5/10/96), 673 So.2d 585, 590 (citations omitted). It is the court’s obligation to decide which risks are unreasonable, based upon the facts and circumstances of each case. Id. (citation omitted). Whether a particular risk is unreasonable is a difficult question which requires a balance of the intended benefit of the thing with its potential for harm and the cost of prevention. Id. (citation omitted). In making this determination in negligence actions, the “obviousness” and “apparentness” of the complained of condition have historically been taken into consideration. Id. (citations omitted). If the facts of a particular case show that the complained of condition should be obvious to all, the condition may not be unreasonably dangerous and the defendant may owe no duty to the plaintiff. Id., 95-1466 at 11, 673 So.2d at 591. A *910 landowner is not liable for an injury resulting from a condition which should have been observed by an individual in the exercise of reasonable care or which was as obvious to a visitor as to the landowner. Shelton v. Aetna Cas. & Sur. Co., 334 So.2d 406, 410 (La.1976).
In the instant case, on the Parish’s summary judgment motion, the trial court found that “the pipe was readily apparent and observable to anyone on the levee and anyone exercising reasonable care would not have been harmed.” |9Based on this, the court concluded:
The Parish did not owe a duty to this plaintiff. As mentioned previously, duty is owed to conform to the standard of conduct of a reasonable man under like circumstances. The conduct engaged in by plaintiff is one to which the Parish’s duty does not extend because she was not acting reasonably under the circumstances. Additionally, the duty owed by the owner of an immovable is merely to keep the property in a reasonably safe condition. In this case, it is evident that the pipeline had not been abandoned or neglected in any way. Finally, the likelihood of someone being under the influence of drugs and alcohol and driving a four-wheeler in such an imprudent manner in clear violation of the law, is far less than the social, economic, and moral factors considered in Oster v. Dep’t of Transp. & Dev., State of La., 582 So.2d 1285, 1286 (La.1991). Hence, plaintiff does not meet the duty prong of the duty-risk test. And because plaintiff does not prove the existence of a duty, there can be no negligence.
The court then granted the Parish’s motion for summary judgment with the following reasoning:
Plaintiff has failed to establish a duty owed her by the Parish; hence she cannot meet the evidentiary burden to prove the elements required to recover on a negligence claim, and she has failed to produce factual support sufficient to establish that she will be able to satisfy the evidentiary burden of proof at trial. Defendant has met its burden by pointing out a lack of factual support for these essential elements of the plaintiffs case.
In denying the Levee District’s original motion for summary judgment, the trial court explained:
Defendant Pontchartrain Levee District raised several issues that drew attention to the weaknesses of plaintiffs case, but they failed to point out that there was an absence of factual support for one or more elements essential to the claim, chiefly the issue of custody. Plaintiff provided sufficient factual support to establish that the evidentiary burden of proof at trial could be, met; therefore this Court finds that there are genuine issues of material fact that preclude this motion from being granted.
Just as in her suit against the Parish, for plaintiff to succeed in her suit against the Levee District, she must prove all five elements of the duty-risk analysis discussed above. We find in light of the trial court’s conclusion on the | inParish’s motion that the pipeline was not an unreasonably dangerous condition, plaintiff would be unable to carry this burden.
This finding is based on our determination that regardless of who has custody of the pipeline, if the pipeline is not unreasonably dangerous, then the custodian owes no duty to plaintiff. Duty is the obligation to conform to the standard of conduct of a reasonable man under like circumstances. Seals v. Morris, 410 So.2d 715, 718 (La.1981). Here, the custodian of the pipeline had a duty to maintain it in such a condition that a person exercising reasonable care would not have been harmed. That duty does not extend to plaintiff, who was not exercising reason *911 able care, riding a four-wheeler on the levee in violation of the law[3] with a driver who had ingested alcohol and narcotics. The custodian cannot and should not be expected to maintain the pipeline to protect against such reckless behavior.
Accordingly, regardless of who has custody of the pipeline, we agree with the trial court’s finding that plaintiff has failed to establish a duty owed her by the Levee District. Therefore, she cannot meet the evidentiary burden to prove the elements required to recover on a negligence claim, and she has failed to produce factual support sufficient to establish that she will be able to satisfy the evidentiary burden of proof at trial. For this reason, the trial court should have granted defendant’s original motion for summary judgment. However, because the trial court granted it on a re-urging, there must have been meaningful additions which clearly establish that there is no longer any issue of material fact to be determined by a trial on the merits.
Jjjln Rogers v. Horseshoe Entm’t, 32,800 (La.App. 2 Cir. 8/1/00), 766 So.2d 595, writs denied, 00-2894 (La.12/8/00), 776 So.2d 463 and 00-2905 (La.12/8/00), 776 So.2d 464, the plaintiffs, Mr. and Mrs. Rogers, sued Horseshoe to enforce a clause of an option contract between the two parties. The plaintiffs also sued the law firm which represented them in the deal, alleging legal malpractice in drafting the contract. The plaintiffs filed a motion for summary judgment against Horseshoe which was denied. Id., 32,800 at 2, 766 So.2d at 599. The suits against Horseshoe and the law firm were then subsequently consolidated. Id. The law firm filed a motion for summary judgment, which was granted; and the plaintiffs re-urged their motion, which was also granted. Id., 32,-800 at 2-3, 766 So.2d at 599. Horseshoe appealed the grant of summary judgment against it.[4] Id., 32,800 at 3, 766 So.2d at 599.
On appeal, the second circuit found the trial court did not err in considering the plaintiffs’ re-urged motion. Rogers, 32,800 at 6, 766 So.2d at 601. The court affirmed the trial court’s granting the plaintiffs’ motion, noting that additional discovery had been conducted since the first motion, similar arguments and authorities had been raised in the law firm’s motion, and there was potential for manifest injustice by virtue of incongruent results created by the law firm’s motion. Id.
In the instant case, we find a meaningful addition was added when the trial court’s judgment that the pipeline did not create an unreasonably dangerous condition became final. Plaintiff filed an appeal with this Court seeking review of the trial court’s granting the Parish’s motion for summary judgment. This Court affirmed and the supreme court denied writs. Alexander v. Parish of St. John the _Baptist, 09-840 (La.App. 5 Cir. 3/23/10), 33 So.3d 999, writ denied, 10-1289 (La.9/17/10), 45 So.3d 1056. Thus, at the time the Levee District re-urged its motion, there was a final judgment which held that because the pipeline was maintained in a reasonably safe condition plaintiff was owed no duty by the Parish.
Further, as the Rogers court found, there is a potential for manifest injustice by virtue of incongruent results regarding the two motions for summary judgment. *912 To dismiss the Parish from the proceedings on the basis that the pipeline was not an unreasonably dangerous condition, while forcing the Levee District to go to trial would be manifestly unjust and a waste of judicial resources. Bearing in mind that summary judgments are favored in the law and should be liberally applied, we conclude that the trial court did not err in granting the Levee District’s re-urged motion for summary judgment.
Plaintiff also argues that the trial court, in considering the Levee District’s motion, mistakenly considered the eventual merits of plaintiffs suit. We find this argument has no merit. In the context of summary judgment, courts routinely employ a duty-risk analysis, often granting summary judgment to governmental entities when the plaintiff cannot meet the duty-risk test. For instance, in Misuraca v. City of Kenner, 01-707, p. 3 (La.App. 5 Cir. 11/14/01), 802 So.2d 784, 786, the plaintiff, Ms. Misuraca, brought a wrongful death and survival action against the City of Kenner and a police officer for the death of her husband. Misuraca appealed the grant of the defendants’ motions for summary judgment. Id., 01-707 at 4, 802 So.2d at 787. On appeal, this Court conducted a duty-risk analysis and concluded that the grant of summary judgment was proper. Id., 01-707 at 8-10, 802 So.2d at 789-91.
Similarly, in Ardoin v. Lewisburg Water Sys., 07-180, p. 1 (La.App. 3 Cir. 7/18/07), 963 So.2d 1049, 1050 the plaintiff, Ms. Ar-doin, sued Lewisburg Water 1 iaSystem for the injuries she sustained for tripping over an opened water meter. Ardoin appealed from the trial court’s grant of the defendant’s motion for summary judgment. Id., 07-180 at 1, 963 So.2d at 1050-51. On appeal, the third circuit determined that the opened water meter was obvious and so did not present an unreasonably dangerous condition to plaintiff. Id., 07-180 at 4, 963 So.2d at 1052. The court affirmed the grant of summary judgment. Id.
Also, in Waring v. Travelers Ins. Co., 04-1123, pp. 1-2 (La.App. 4 Cir. 1/12/05), 891 So.2d 119, 121-22 writ denied, 05-0515 (La.4/29/05), 901 So.2d 1068, the plaintiffs, Mr. and Mrs. Waring, on behalf of their minor child, sued various parties for the injuries their daughter sustained while attending a horseback riding camp in the New Orleans City Park Horse Stables. After several of the parties settled, the two remaining defendants, the State and the Sheriff, each filed motions for summary judgment, which were both granted. Id., 04-1123 at 3, 891 So.2d at 122. On appeal, regarding the State’s liability, the fourth circuit conducted a duty-risk analysis, determined that the plaintiffs had not met the cause-in-fact prong of the duty-risk test, and affirmed the trial court’s grant of summary judgment. Id., 04-1123 at 10-15, 891 So.2d at 126-29.
In light of the foregoing, we find that the trial court did not err by undertaking a duty-risk analysis in considering defendants’ motions for summary judgment. Accordingly, we conclude that plaintiffs claim that the trial court mistakenly considered the eventual merits of plaintiffs suit is without merit.
In a supplemental brief, plaintiff further argues that the trial court erred when in granting defendant’s re-urged motion, instead of considering evidence in opposition to the motion, it relied only on the fact that the Parish had been granted summary judgment. In support of this, plaintiff cites to a recent decision out of this Court: Boye v. Daiquiris & Creams No. 3, Inc., 11-118 (La.App. 5 Cir. 11/15/11), 80 So.3d 505, writ denied, 11-2778 (La.2/17/12), 82 So.3d 290. In Boye, this Court found that summary judgment was not proper when the trial court failed to consider all factors weighing on the determination of whether an unreasonably dan *913 gerous condition existed. Id., 11-118 at 8, 80 So.Sd at 509. The plaintiff, Ms. Boye, sued Daiquiris and Creams for injuries she sustained when she fell while exiting the ladies’ restroom. Id., 11-118 at 2, 80 So.3d at 506. Boye appealed from the trial court’s granting of the defendant’s motion for summary judgment. Id., 11-118 at 3, 80 So.3d at 506. On appeal, this Court reversed the trial court’s grant of summary judgment, finding that the trial court, in its determination of whether the hazard was an unreasonably dangerous condition, only considered one factor in granting summary judgment, that of knowledge of the hazard. Id., 11-118 at 8, 80 So.3d at 509. The trial court failed to consider lighting, signage, utility and condition of the step at the time of the fall. This Court determined that these were all still at issue and were material facts remaining to be decided by a trier of fact at a trial on the merits. Id. Thus, summary judgment was not proper.
In the instant case, plaintiff fails to recognize that in considering the grant of the Parish’s motion, the court implicitly considered its duty-risk analysis therein. In that analysis, the court addressed the duty prong and considered several factors contributing to the determination of whether an unreasonably dangerous condition existed: the utility of the pipeline, the likelihood and magnitude of harm, the cost of preventing such harm, and the utility of the activity. (R., pp. 820-24). The court determined that the pipeline is of great utility because it is essential to the operation of the wastewater treatment plant. (R., p. 823). In assessing the likelihood and magnitude of harm, the court considered testimony of plaintiffs construction engineering expert Ralph Adams and concluded that “the pipe was |,,-readily apparent and observable to anyone on the levee and anyone exercising reasonable care would not have been harmed.” The court then determined that the cost of preventing harm caused by such an obvious and apparent condition would be unfeasible. Rather, the court found that the most effective means of preventing such harm rests with a person who exercises reasonable care and abides by the law, neither of which plaintiff did here. Lastly, the court found that riding a four-wheeler, while fun, is a recreational activity and is of little social utility. The court concluded that the pipeline was not an unreasonably dangerous condition and that the Parish did not have a duty to plaintiff.
The foregoing makes clear that the court considered all material facts bearing on the condition of the pipeline, leaving no genuine issues of material fact. Accordingly, we find plaintiffs supplemental argument has no merit. -
For the reasons stated herein, the trial court’s ruling granting the Pontchartrain Levee District’s motion for summary judgment is affirmed.

AFFIRMED

. This summation of facts is adopted from this Court’s opinion in which the court affirmed the trial court’s granting of St. John the Baptist Parish's motion for summary judgment. Alexander v. Parish of St. John the Baptist, 09-840, pp. 2-3 (La.App. 5 Cir. 3/23/10), 33 So.3d 999, 1000-01, writ denied, 10-1289 (La.9/17/10), 45 So.3d 1056.

. Two of the insurers have been dismissed from the suit. Progressive Security Insurance Company was granted a summary judgment on a coverage exclusion. Allstate Insurance Company settled with the plaintiff and was dismissed. Alexander v. Parish of St. John the Baptist, 09-840, p. 2 (La.App. 5 Cir. 3/23/10), 33 So.3d 999, 1001 n. 2, writ denied, 10-1289 (La.9/17/10), 45 So.3d 1056.

. The Levee District has signs posted on various levee ramps, including the levee ramp near the October 17, 2004 accident site, notifying the public that, pursuant to LSA-R.S. 38:213, four-wheelers are not allowed on the levee or crown.

. The plaintiffs also conditionally appealed the grant of summary judgment in favor of the law firm, on the condition that the Horseshoe judgment was reversed. Id., 32,800 at 3, 766 So.2d at 599.