liBYRNES, Judge.
The Louisiana Supreme Court remanded this ease for this court to consider the case on the record de novo without consideration of the jury verdict.[1]
The facts and procedural history are as stated in this court’s previous opinion.[2] At issue is whether plaintiffs proved by a preponderance of the evidence that Otis Elevator Company (Otis) is liable for damages as a result of Mrs. Rabito’s fall in an elevator at the Medical Center on April 13, 1988 based on a de novo review. Further, a reassessment of the intervenor/employer’s proportionate share of costs must be determined.
To prove negligence, plaintiffs have the burden to show that Otis breached its duty to exercise reasonable care in the performance of its maintenance contract, and that Otis’s conduct caused the resulting injury. LSA-C.C. 2315; Ellis v. Dover Elevator Co., 597 So.2d 1 (La.App. 4 Cir.1992), writ denied 604 So.2d 973 (La.1992). The testimony of Mrs. Rabito and Mr. RJerry Dalli-more, the Medical Center custodian, contained discrepancies as to which elevator was involved and as to how much the elevator misleveled above or below the main floor. Although Mr. Dallimore testified that he took the elevator out of service, put a barricade around it, and made a callback to Otis, no other witnesses testified that they saw the barricade around the elevator that day. Mr. Dallimore told Mrs. Rabito that he tripped, hit his head and fell out of the elevator that day; however, he had not called Otis to report the misleveling after his fall. Mark Rabito, administrator of the Medical Center, testified that when he left for lunch, he was informed by Mr. Dallimore that a callback had not yet been made. No witnesses testified that they saw Otis workers repair one of the elevators that day although the elevators were running properly the next day. Based on Otis’s presentation of detailed information concerning its callback system for reporting malfunctions, as previously discussed, this court cannot conclude that a report of mislev-eling was made. Considering Otis’s extensive expert testimony concerning its maintenance operations, plaintiffs failed to prove that it was more probable than not that a callback was made or that Otis did not exercise reasonable care and was negligent in performing its maintenance contract.
To prove strict liability, plaintiffs must show that Otis had “garde” of the elevator and that under the circumstances, the elevator presented an unreasonable risk of harm which resulted in plaintiffs damage. LSA-C.C. art. 2317; Loescher v. Parr, 324 So.2d 441 (La.1975); Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992). In Spott, supra, the Louisiana Supreme Court found that the maintenance company did not have “garde” or control over the ^elevator where the maintenance contract required weekly maintenance inspections and repairs.
In the present case the maintenance contract required maintenance inspection and repairs every two weeks. Under the circumstances in the present case, Otis did not have custody, control or garde over the Medical Center elevators and is not at fault or strictly liable for plaintiffs’ damages. The Medical Center is strictly liable because as the owner, it was the primary party benefiting from the elevators on its premises, and it retained “garde” over the elevators, one of which presented an unreasonable risk of harm which resulted in Mrs. Rabito’s injuries. Mrs. Rabito is 30 percent comparatively negligent as she should have been aware that she should watch her step as she approached the elevator. Therefore, the Medical Center is 70 percent strictly liable for plaintiffs’ damages.
Ordinarily a review of damages would be pretermitted because Otis has no liability, and plaintiffs settled their case with the Medical Center. However, this court must recalculate the percentage for reimbursement of costs to Highlands Insurance Company (Highlands), the worker’s compensation car *20 rier, where that amount was based on the jury award in this court’s prior opinion.[3]
As discussed previously, under Moody v. Arabie, 498 So.2d 1081 (La.1986), which contained the applicable law at the time of Ms. Rabito’s accident, an employer’s proportionate interest in the recovery is equivalent to the percentage that the amount of compensation paid or due at the time of recovery bears to the total recovery. The employer’s equitable share of fees |4and expenses involved in the employee’s third party recovery should include recovery costs calculated on the present value of his total probable future liability, rather than being restricted to recovery costs based exclusively on past benefits actually paid. Taylor v. Production Services, Inc. of Mississippi, 600 So.2d 63 (La.1992).
After reviewing the extensive medical evidence in this case, this court evaluates future medical expenses to be $25,000 and future compensation to be $20,000. The proper formula is as follows:
$142,555.93[4] + $25,000[5]
$ 20,000[6] = $187,556.93 = 78%
$240,000 [7]
$240,000
Applying 78 percent of $24,052.76, which is the total cost related to the prosecution of plaintiffs’ claims, Highlands should pay Mrs. Rabito $18,761.15 as the insurer/intervenor’s proportionate share of the cost of litigation.
Accordingly, plaintiffs’ claims against Otis are dismissed. Mrs. Rabito is awarded $18,-761.15 against Highlands for the insurer/in-tervenor’s proportionate share of the cost of litigation.

RENDERED ON REMAND FROM THE SUPREME COURT.

. Rabito v. Otis Elevator Co., 94-C-0949 (La. 6/17/94), 638 So.2d 1075.

. Rabito, infra, 93-CA-1001 (La.App. 4 Cir. 2/11/94), 633 So.2d 368.

. Rabito v. Otis Elevator Co., 93-CA-1001 (La.App. 4 Cir. 2/11/94) 633 So.2d 368.

. Employer's reimbursement.

. Proportionate share of future compensation.

. Proportionate share of future medical expenses.

. Total recovery/settlement amount.