hWALTZER, Judge.

STATEMENT OF THE CASE

Diane Poree, an Orleans Parish public school teacher, allegedly sustained permanent brain damages from an elevator accident on 10 March 1993. She and her *151 mother, Dorothy B. Broussard, sued Dover Elevator Systems, Ine., the manufacturer and installer of the elevator and Elite Elevator Service, Inc.[1], the maintenance contractor for the period during which the accident occurred. In a supplemental petition, Poree and Broussard sued Jewel Elevator Services, Ine., the prior maintenance contractor, and its insurer, Alliance Insurance Company, alleging that Jewel negligently failed properly to inspect, service or overhaul the elevator and its hoses, or warn of potential dangers related to this elevator accident.
Jewel filed a motion for summary judgment and supplied uncontroverted evidence that its contractual responsibility to maintain the elevator ended over five months prior to the accident. Jewel seeks a supervisory writ to review the trial court’s denial of its motion.

\ ¡¡ANALYSIS

Poree and Broussard have the burden of proving that Jewel breached its duty to exercise reasonable care in the performance of its maintenance contract and that this breach was a cause in fact of Poree’s accident and subsequent damages to Poree and Broussard. Rabito v. Otis Elevator Co., 93-1001 (La.App. 4 Cir. 12/15/94), 648 So.2d 18. Negligence must be proven, and the Louisiana Supreme Court rejected strict liability even where the elevator maintenance contract required weekly maintenance inspections and repair. Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992).
Jewel furnished the maintenance contracts of both Jewel and Elite and the service tickets from both Jewel and Elite. The contract between Elite and the School Board was entered into on 1 September 1992 and provided that service under the contract was to begin on that date and would terminate at the end of August 1993, unless extended. The service tickets show that Jewel’s last service occurred on 15 October 1992, and Elite’s first service occurred on 3 December 1992. Clearly, the duties to inspect, service and otherwise maintain the elevator were relinquished by Jewel and taken over by Elite months prior to the alleged accident on 10 March 1993. Indeed, a service ticket shows that Elite serviced the elevator on 25 February 1993, less than two weeks prior to the accident, for the very problem which allegedly caused the accident, the elevator’s becoming stuck above the floor on the ground floor and not aligning properly with the threshold. This uncontroverted proof defeats any claim for failure to warn of the defect.
Jewel fulfilled its burden of proof under La.C.C.P. art. 966, as amended by Act 483 of 1997, and has pointed out to the court that there is an absence of factual support for the existence of a duty by Jewel to the School Board, Poree por Broussard at the time of the alleged accident. This duty is an element essential to Poree’s and Broussard’s case. Respondents failed to produce factual support sufficient to establish that they will be able to satisfy their evidentiary burden of proof at trial. The exhibits submitted by respondents relate only to Jewel’s performance of the maintenance contract during its term, and do not offer any basis for extending Jewel’s duty beyond the end of its contract with the School Board. The affidavit of Lawrence C. Hamm, respondent’s expert, suggests only that, based upon his review of unspecified depositions and witness statements, leveling malfunctions occurred during the Jewel contract period, and that Jewel did not notify the School Board of current code requirements, of the possibility of non-leveling or of the option to upgrade the elevator door’s zoning to alleviate the problem; however, Jewel’s duty to the School Board and thereby to elevator passengers such as Poree expired with the expiration of its contract prior to the alleged accident, and that duty was undertaken by the School Board’s new contractor, Elite.

CONCLUSION AND DECREE

We conclude, based upon the evidence submitted below, that there is no genuine issue of material fact as to the non-existence of a duty owed by Jewel at the time of the alleged accident, and summary judgment in Jewel’s favor is appropriate. La.C.C.P. art. 966 C.(2).

*152
WRIT GRANTED. JUDGMENT OF TRIAL COURT REVERSED. SUMMARY JUDGMENT GRANTED.

. Poree and Broussard have settled their claim against Elite Elevator Services.