SUSAN M. CHEHARDY, Chief Judge.
12This appeal arises out of a wrongful death and survival action stemming from a fatal accident involving an automobile and a wheelchair. Appellant, Randy Richthofen, appeals from the trial court’s granting of State Farm Mutual Automobile Insurance Company’s motion for summary judgment, dismissing appellant’s causes of action against State Farm. For the reasons that follow, we affirm the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY

On the evening of October 19, 2009, James Richthofen (“decedent”) was operating a motorized wheelchair in front of his residence at 2913 Hero Drive in Gretna, Louisiana. Decedent’s two-year-old granddaughter, Patricia Richthofen, was sitting in his lap. A 1998 Toyota 4-Run-ner, traveling down Hero Drive and being operated by Jesus Medina, struck decedent’s wheelchair, killing him and | injuring his granddaughter. The wheelchair came to rest next to a 2004 Mitsubishi Lancer, owned by Ida Corley, parked in the driveway of 3020 Hero Drive. Mr. Medina was determined to have been intoxicated at the time of the accident with a blood alcohol concentration of 0.16 percent. For decedent’s death, Mr. Medina subsequently pled guilty to one count of vehicular homicide, a violation of La. R.S. 14:32.2, and to one count of hit-and-run driving, a violation of La. R.S. 14:100, in district court case number 09-5771 of the 24th Judicial District Court. For the injuries sustained by Patricia Richthofen, Mr. Medina pled guilty to vehicular negligent injuring, a violation of La. R.S. 14:39.1, in district court case number 09-6036 of the 24th Judicial District Court.
On October 18, 2010, Sylvia Richthofen, surviving widow of James Richthofen, et al., filed a petition for a wrongful death and survival action against Jesus Medina, Deysi Noemy Pereira (the owner of the Toyota 4-Runner), and XYZ Insurance Company. Thereafter, on February 24, 2012, appellant, Randy Richthofen, in proper person, filed an amended complaint against multiple parties, including Ida Cor-ley and State Farm Mutual Automobile Insurance Company, Corley’s automobile insurance carrier. In this complaint, appellant alleged that decedent was traveling in his wheelchair on the sidewalk when he was forced to enter the street to circumvent Corley’s illegally parked vehicle blocking the sidewalk. But for Corley’s illegally parked vehicle, appellant argued, decedent would not have entered the street and would not have been struck and killed by Mr. Medina.
On December 13, 2013, State Farm filed a motion for summary judgment, alleging that appellant failed to carry his burden of proof and that, in the absence of genuine issues of material fact, it was entitled to judgment as a matter of law. On January 9, 2014, appellant filed a “Cross-Motion for Summary Judgment,” to |4which he attached photographs of the accident scene. Following a hearing on January 16, 2014, the trial court granted State Farm’s motion for summary judgment, dismissing, with prejudice, appellant’s claims and causes of action against State Farm. Appellant appeals this ruling.

DISCUSSION

Summary judgment is appropriate when there remains no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. Zeringue v. O’Brien Transp., Inc., 05-760 (La.App. 5 Cir. 4/11/06), 931 So.2d 377, 379, writ denied, 06-1107 (La.9/1/06), 936 So.2d 205. Summary judgments are favored in the law and the rules should be liberally applied. Id. The summary judgment procedure shall be construed to accomplish the ends of just, speedy, and *234 inexpensive determination of allowable actions. Id.
Appellate courts review a judgment granting a motion for summary judgment on a de novo basis. Gutierrez v. State Farm Fire & Cas. Ins. Co., 13-341 (La. App. 5 Cir. 10/30/13), 128 So.3d 509, 511. Thus, this Court uses the same criteria as the trial court in determining whether summary judgment is appropriate: whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. Id.
A fact is “material” when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. Alexander v. Parish of St. John the Baptist, 12-173 (La.App. 5 Cir. 10/16/12), 102 So.3d 904, 909, writ denied, 12-2448 (La.1/11/13), 107 So.3d 617. Facts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute. Id.
Procedurally, the court’s first task on a motion for summary judgment is determining whether the moving party’s supporting documents — pleadings, ^depositions, answers to interrogatories, admissions and affidavits — are sufficient to resolve all material factual issues. Murphy v. L & L Marine Transp., Inc., 97-33 (La.App. 5 Cir. 5/28/97), 695 So.2d 1045, 1047 (citing LSA-C.C.P. Art. 966(B)). To satisfy this burden, the mover must meet a strict standard of showing that it is quite clear as to what is the truth and that there has been excluded any real doubt as to the existence of a genuine issue of material fact. Id. In making this determination, the mover’s supporting documents must be closely scrutinized and the non-mover’s indulgently treated. Id. Since the moving party bears the burden of proving the lack of a material issue of fact, inferences to be drawn from the underlying facts before the court must be viewed in light most favorable to the non-moving party. Id.
If the court determines that the moving party has met this onerous burden, the burden shifts to the non-moving party to present evidence demonstrating that material factual issues remain. Murphy, supra. Louisiana Code of Civil Procedure article 967 outlines the non-moving party’s burden of production as follows:
When a motion for summary judgment is made and supported ..., an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
Summary judgment is appropriate when all the relevant facts are marshalled before the court, the marshalled facts are undisputed, and the only issue is the ultimate conclusion to be drawn from those facts. Id.
In the instant case, appellant’s cause of action was based upon a theory of negligence which requires a duty-risk analysis. A duty-risk analysis involves five elements, which must be proved by the plaintiff: (1) proof that the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) proof 16that the defendant’s conduct failed to conform to the appropriate standard (the breach element); (3) proof that the defendant’s substandard conduct was a cause-in-fact of the plaintiffs injuries (the cause-in-fact element); (4) proof that the defendant’s substandard conduct was a legal cause of the plaintiffs injuries (the scope of liability or scope of protection element); and (5) proof of actual damages (the damages element). Alexander, supra.
*235 In support of its motion for summary judgment, State Farm attached the police report and affidavit of Officer Robert D. Faison of the Gretna Police Department, the investigating officer. Neither Officer’s Faison report nor his affidavit indicates that decedent was operating his wheelchair on the sidewalk at any time. Officer Fai-son’s report also states that the Mitsubishi Lancer was parked in the driveway of 3020 Hero Drive; it does not state that it was blocking the sidewalk. Moreover, in his affidavit, Officer Faison stated that “[n]o violations were observed in regards to the Mitsubishi Lancer and this accident” and that “the actions of Jesus Medina was [sic] the sole cause of the accident.”
While appellant asserts that decedent was operating his wheelchair on the sidewalk and moved into the street to avoid the illegally parked Lancer, he offers no factual support for this assertion and none is evident from the record. In the absence of such support, appellant cannot prove that the Lancer was a cause-in-fact of decedent’s death and so cannot succeed on his action in negligence. We therefore find appellant failed to meet his burden of demonstrating that genuine issues of material fact remain and find that summary judgment should be rendered against him.
Lastly, we consider appellee’s motion to strike, in which appellee seeks to have struck Exhibits C and D attached to appellant’s cross-motion for summary | judgment and appeal brief. Appellee contends that because these were not offered into evidence, they are not properly part of the record.
At the time of the summary judgment hearing on January 16, 2014, La. C.C.P. art. 966(F)(2) provided that “[e]vidence cited in and attached to the motion for summary judgment or memorandum, filed by an adverse party is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection made in accordance with Subpar-agraph (3) of this- Paragraph.” The record is devoid of a ruling by the trial court excluding this evidence in response to an objection made in accordance with La. C.C.P. art. 966(F)(3). Consequently, because the exhibits were cited in and attached to appellant’s cross-motion for summary judgment without objection, they are deemed admitted for purposes of the motion for summary judgment.
In any event, we find Exhibit C (photographs of the scene of the accident) and Exhibit D (a copy of the police report) do not establish that decedent was operating his wheelchair on the sidewalk or that decedent moved into the street to avoid the Lancer. These exhibits do not establish a genuine issue of material fact. Ap--pellee’s motion to strike is denied.

DECREE

Upon our de novo review, we find there are no genuine issues of material fact and that State Farm is entitled to judgment as a matter of law. The judgment of the trial court is affirmed. Appellee’s motion to strike is denied.
AFFIRMED; MOTION TO STRIKE DENIED.,