SONIA ROBINSON

VERSUS

OTIS CONDOMINIUM ASSOCIATION, INC.,
GUY LOWE D/B/A CAUSEWAY PLAZA
ASSOCIATES, AND XYZ INSURANCE
COMPANY

C/W

SONIA ROBINSON

VERSUS

OTIS CONDOMINIUM ASSOCIATION, INC.,
GUY LOWE D/B/A CAUSEWAY PLAZA
ASSOCIATES, AND XYZ  INSURANCE
COMPANY

NO. 20-C-359
C/W 20-C-404

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 789-871, DIVISION "P"
HONORABLE LEE V. FAULKNER, JR., JUDGE PRESIDING

February 03, 2021

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and John J. Molaison, Jr.

**WRITS GRANTED, JUDGMENT REVERSED;**
**MOTIONS FOR SUMMARY JUDGMENT GRANTED;**
**PLAINTIFF'S CLAIMS DISMISSED WITH PREJUDICE**

**SMC**

**JGG**

**JJM**

COUNSEL FOR PLAINTIFF/RESPONDENT,
SONIA ROBINSON
    Clarence J. Roby, Jr.

COUNSEL FOR DEFENDANT/RELATOR,
WEST ESPLANADE CAUSEWAY ASSOCIATES, LLC
    Sidney J. Angelle
    Erik L. Vollenweider

COUNSEL FOR DEFENDANT/RELATOR,
OTIS ELEVATOR COMPANY
    John K. Nieset
    P. Ryan Plummer

**CHEHARDY, C.J.**

These consolidated matters arise from a personal injury case in which the trial court denied motions for summary judgment filed by both defendants. For the reasons that follow, we grant the writs, reverse the trial court judgment under review, and grant summary judgment in favor of West Esplanade Causeway Associates, LLC and Otis Elevator Company. We further dismiss plaintiff Sonia Robinson's claims against West Esplanade Causeway Associates, LLC and Otis Elevator Company with prejudice.

### FACTS AND PROCEDURAL HISTORY

Plaintiff, Sonia Robinson, filed suit against West Esplanade Causeway Associates, LLC ("WECA") and Otis Elevator Company for injuries she allegedly sustained after an incident in which the parking-garage elevator Ms. Robinson occupied came to a sudden emergency stop. According to plaintiff's deposition testimony, she pressed the button for the eighth floor and as the elevator ascended, she felt the elevator begin to "shift" and stop, the doors opened slightly, it "dropped" and "crashed," and then proceeded to the eighth floor. Plaintiff admits in her deposition that she neither fell to the elevator floor nor was she thrown against the elevator walls during the incident. After the elevator ascended to the eighth floor, the doors opened, and she was able to exit the elevator.

WECA, which owns the parking garage where the elevator incident occurred, filed a motion for summary judgment arguing that it cannot be held liable to Ms. Robinson because it did not have actual or constructive knowledge of any defect in the elevator before the November 27, 2017 incident with plaintiff. Proof of actual or constructive knowledge of an alleged defect is a necessary prerequisite for succeeding in an action against a property owner under La. Civ. Code arts. 2317.1 and 2322.

WECA produced expert testimony from Tray Edmonds, a civil engineer and "vertical transportation" expert, who concluded that the elevator's stop was caused by the opening of a hoistway door interlock; the elevator's deceleration was well within the code-required stopping rate; and the elevator did not experience a free fall. Mr. Edmonds further indicated that, based on his review of the repair records that Otis provided, the elevator was maintained properly and was receiving regular safety checks in accordance with industry standards. Mr. Edmonds stated there was no way that WECA had notice of the elevator hoistway door interlock problem before the incident with Ms. Robinson. Edmonds' affidavit states:

> As of the date of the subject incident, the South elevator was not defective, was properly maintained and was receiving regular safety checks. … [F]rom review of the elevator maintenance company records, there is no indication that the building owner had prior notice or knowledge of an elevator hoistway door interlock issue prior to the event[.]

WECA also produced testimony from its property manager, who stated that she would have received notice of any complaints about the subject elevator, but she had no record of any door-interlock problem before plaintiff's incident, because Otis would have maintained those records.[1] She explained that WECA

---

[1] Ms. Connie Chiasson-Douglass, WECA's property manager, stated in her deposition:

Q: Okay. When an incident is reported regarding a problem with the elevator during your tenure, do you maintain logs of those incidents as the property manager?
A: The elevator company maintains the logs, Otis Elevator.
Q: So the answer to my question so that the record is clear is you don't maintain those records but Otis Elevator would have them?
A: That's correct.
Q: Who are incidents reported to? Are they reported to you or –
A: If there is an incident and there's an incident report filled out because of an incident then it is maintained within my office. But if there's just a regular issue with an elevator, it's just those records are maintained through Otis.
                                        ***
Q: During your tenure as property manager has anyone ever called you or called your office regarding an incident, a malfunction or a problem with the elevators, particularly that south unit elevator?
A: We may have gotten some calls that the elevators running slow or maybe the doors didn't close all the way because there's a pebble in the track. But employees that ride the elevators, if they do find something, they will call us.

maintained a contract with Otis Elevator Company that required routine maintenance, repairs, and periodic safety tests.[2] Otis's repair logs show that Otis changed the hoistway door interlock on November 28, 2017, the day after Ms. Robinson's incident.

Otis filed its own motion for summary judgment. Otis acknowledges that La. Civ. Code arts. 2317.1 and 2322 do not apply because Otis is not the owner of the elevator or the building, and it recognizes that under La. Civ. Code art. 2315, an elevator maintenance contractor owes a duty of care in the performance of its contractual duties. *See*, *e.g.*, *Rabito v. Otis Elevator Co.*, 93-1001 (La. App. 5 Cir. 12/15/94), 648 So.2d 18, 19; *Mouton v. Sears Roebuck & Co.*, 99-669 (La. App. 3 Cir. 11/3/99), 748 So.2d 61, 66, *writ denied*, 99-3386 (La. 2/4/00), 754 So.2d 232; *King v. Home Depot U.S.A., Inc.*, 98-0535 (La. App. 1 Cir. 4/1/99), 729 So.2d 1149, 1152 ("[W]hen an elevator maintenance company is neither the owner of the elevator nor has exclusive 'garde' of the elevator, it must exercise reasonable care in the performance of its services."). Otis argues, however, that to establish a breach of the duty of reasonable care under La. Civ. Code art. 2315, a plaintiff must prove first that there was an identifiable defect in the elevator system that rendered it unreasonably dangerous, and second that Otis knew or, in the exercise of reasonable caution, should have known of the existence of the defect and failed to correct it. Otis claims that only actual or constructive knowledge gives rise to a duty on the part of Otis to take reasonable steps to protect against injuries resulting from an unreasonable risk of harm. *See Spott v. Otis Elevator Co.*, 601 So.2d 1355,

---

[2] Q: To the best of your recollection, Ms. Chiasson-Douglass, what was the maintenance schedule pursuant to the contract that your company had with Otis Elevators for all elevators on the subject property?
A: So they come out once a month and they come out whenever we call them whether it's one time or a thousand times. And then we have our elevator consultant that comes out twice a year and oversees their work and oversees all of our elevators as well. So we pay around $52,000 a year to have consultants and contractors come out to maintain our elevators here at Causeway Place.

1361-62 (La. 1992) (finding no negligence under La. Civ. Code art. 2315 where evidence showed that Otis honored its contractual duty to inspect and repair, and there were no reports of the elevator having malfunctioned either before or after the incident).

Otis maintains that it would have received notice of complaints about the elevator only from WECA, and that it received none before the November 27, 2017 incident. Otis produced maintenance records showing only four service calls ("callbacks") for the subject elevator in the 12 months before the incident. The last callback occurred two months before the November 27, 2017 incident, and none of the callbacks involved the operation of the door interlock system or included complaints that the elevator had fallen, stopped abruptly, or injured a passenger. The maintenance records also show that on November 28, 2017, the hoistway door interlock was replaced. Otis claims it faithfully performed routine maintenance on this elevator and responded to every service call made about it prior to plaintiff's accident.

Ms. Robinson has not produced any expert testimony to contradict Mr. Edmond's expert testimony and has not produced any evidence to show that WECA had actual or constructive notice of the alleged defect before the incident at issue. Rather, she maintains that defendants' arguments concerning a lack of notice is misplaced because the accident was not the result of a defect that was open or obvious; it was the result of defendants' failure to properly maintain, inspect and repair a defect that should have been discovered, if defendants had taken reasonable steps to do so. Ms. Robinson further alleged that WECA and Otis knew of the defect, or would have or should have discovered the defect if they had engaged in proper inspections and conducted appropriate maintenance. Attached to Ms. Robinson's opposition is the maintenance contract between WECA and Otis, as well as copies of the "Callbacks, Repairs and Procedures Requested" and a copy

of Otis's service record indicating that the Hoistway Door Interlock was replaced on November 28, 2017.

The trial court denied WECA's motion for summary judgment, stating:

> Tray Edmond's [WECA's expert] conclusions fail to resolve the underlying issues as to whether Defendant [sic] collectively acted in a reasonable manner regarding repairing, inspecting, and maintaining the elevator.
>
> ***
>
> The Court finds that genuine issues of material fact exist and Defendants are not entitled to judgment in their favor as a matter of law. In particular, the issues of whether the subject elevator was properly maintained and repaired; whether Defendants knew or should have known of the defective elevator; and whether the Defendants received prior complaints regarding the elevator are in dispute.

WECA and Otis filed separate applications for supervisory review, arguing Ms. Robinson cannot satisfy her burden of proof at trial and that summary judgment should have been granted in their favor. Finding merit to defendants' arguments, we gave the parties an opportunity to provide additional briefing and to request oral argument, if desired, pursuant to La. C.C.P. art. 966(H).

## DISCUSSION

A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 A(3). The burden of proof rests with the mover. La. C.C.P. art. 966 D(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. *Id*. The burden is on the adverse party to produce factual

support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.*

We review the denial of a motion for summary judgment *de novo. Bourgeois v. Allstate Ins. Co.*, 15-451 (La. App. 5 Cir. 12/23/15), 182 So.3d 1177, 1181. Under this standard, we use the same criteria as the trial court in determining if summary judgment is appropriate: whether there is a genuine issue as to material fact and whether the mover is entitled to judgment as a matter of law. *Richthofen v. Medina*, 14-294 (La. App. 5 Cir. 10/29/14), 164 So.3d 231, 234, *writ denied*, 14-2514 (La. 3/13/15), 161 So.3d 639.

A fact is "material" when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery. *Alexander v. Parish of St. John the Baptist*, 12-173 (La. App. 5 Cir. 10/16/12), 102 So.3d 904, 909, *writ denied*, 12-2448 (La. 1/11/13), 107 So.3d 617. Facts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute. *Id.*

The party moving for summary judgment must meet a strict standard of showing that the facts are clear and that any real doubt as to the existence of a genuine issue of material fact has been excluded. *Richthofen*, 164 So.3d at 234. If the mover meets this burden, the burden shifts to the non-mover to present evidence demonstrating that material issues of fact remain. *Id.*

La. Civ. Code art. 2317.1, which governs negligence claims against a property owner or custodian, provides in part:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

Further, La. Civ. Code art. 2322 provides in part:

> The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

"One is presumed to have constructive notice of a defect or dangerous condition when it is shown to have existed for such a long period of time that knowledge thereof can be presumed, or that it can be said that one should have had knowledge of the condition." *Dufrene v. Gautreau Family, LLC*, 07-467 (La. App. 5 Cir. 2/22/08), 980 So.2d 68, 80, *writs denied*, 08-629, 08-628 (La. 5/9/08), 980 So.2d 694 and 698. "The hazardous condition must have existed for such a period of time that those responsible, by the exercise of ordinary care and diligence, must have known of their existence in general and could have guarded the public from injury." *Casborn v. Jefferson Hosp. Dist. No. 1*, 11-1020 (La. App. 5 Cir. 5/22/12), 96 So.3d 540, 543; *Boutin v. Roman Catholic Church of Diocese of Baton Rouge*, 14-313 (La. App. 5 Cir. 10/29/14), 164 So.3d 243, 246-47, *writ denied*, 14-2495 (La. 2/13/15), 159 So.3d 469.

WECA produced expert deposition testimony from Tray Edmond, as well Mr. Edmond's affidavit and his expert report, in which he concludes that Ms. Robinson's incident was caused by the hoistway door interlock, and WECA did not know and could not have known about the problem beforehand. This evidence, along with the deposition testimony of WECA's property manager stating that WECA received no complaints about this elevator before Ms. Robinson's incident, establish that WECA has met its initial burden of proof on summary judgment regarding actual or constructive knowledge of the alleged defect.

The burden of proof on summary judgment then shifts to Ms. Robinson to show that a genuine issue of material fact exists regarding actual or constructive notice. Our *de novo* review indicates that Ms. Robinson has not met her burden. Instead, Ms. Robinson attempted to change the threshold inquiry from "whether a defendant has actual or constructive notice" to "whether defendants were negligent because they failed to keep the subject property in a reasonably safe condition," essentially ignoring her burden to show actual or constructive knowledge in response to WECA's motion. Shifting the inquiry does not eliminate the necessity of addressing the notice issue raised in defendant's motion for summary judgment, however. *See*, *e.g.*, *Boutall v. Christakis, P.M., Co. LLC*, 17-402 (La. App. 5 Cir. 12/27/17), 236 So.3d 1268, 1275 (affirming summary judgment where plaintiff presented no lay or expert evidence of owner's actual knowledge, through evidence of prior accidents or otherwise, nor evidence that the alleged defect was so apparent as to put owner, who affirmed that he had neither actual nor constructive knowledge of the defect, on notice). Moreover, Ms. Robinson's allegation that WECA did not maintain a log of complaints, and thus her implication that she cannot prove WECA had notice of the alleged defect, is belied by the testimony of WECA's property manager and the maintenance records that Otis produced, and fails to create a genuine issue of material fact. "Mere conclusory allegations, improbable inferences, and unsupported speculation will not support a finding of a genuine issue of material fact." *Bryant v. Ray Brandt Dodge, Inc.*, 19-464 (La. App. 5 Cir. 3/17/20), 292 So.3d 190, 198. Ms. Robinson also has not presented any evidence to show that the alleged defect existed for a sufficient period of time that WECA had constructive notice of the alleged defect.

Similarly, we find Ms. Robinson has failed to show that she will be able to meet her burden of proof at trial against Otis under La. Civ. Code art. 2315. The maintenance contract between WECA and Otis was effective through December

31, 2017 and therefore effective at the time of Ms. Robinson's incident on November 27, 2017. That contract establishes that Otis provides maintenance on a monthly basis. The affidavit of Roderick Brock, a Supervisor in Otis's Metairie office, explains that when the contract was in effect, Otis personnel performed periodic preventive maintenance inspections of the elevator. WECA's property manager testified that Otis came out once a month, plus any additional times that Otis was called. Additionally, the "callbacks, repairs and procedures requested" sheet included with Otis's records states: "component – hoistway doors – interlock/electrical[;] action – replaced" on November 28, 2017, the morning after Ms. Robinson's incident, indicating that WECA promptly notified Otis of a problem when it first learned of Ms. Robinson's incident, and Otis promptly rectified the issue the next morning. As in *Spott v. Otis Elevator Co.*, there is no evidence that would tend to show negligence on Otis's part. 601 So.2d at 1362.

Ms. Robinson's unsubstantiated allegation that the defendants "failed to resolve underlying issues as to whether the defendants collectively acted in a reasonable manner regarding the duty to inspect and maintain the care and control of the defective elevator" is squarely refuted by the affidavit of defendants' expert, Mr. Edmonds, whose review of Otis's repair records showed the elevator was maintained properly and was receiving regular safety checks; the contract between Otis and WECA; and the testimony and affidavit of the property manager.

Ms. Robinson's arguments and allegations, without more, do not create an issue of fact. *Bryant*, 292 So.3d at 198. She has not produced any evidence to refute Otis's evidence that it maintained the elevator in accordance with its contract, nor any evidence to refute Mr. Edmond's statements that the elevator was maintained in accordance with industry standards. Thus, she has failed to meet her burden of proof on summary judgment under La. C.C.P. art. 966 D(1), and the trial court erred in denying Otis's motion for summary judgment.

## DECREE

We grant the writs, reverse the trial court judgment under review, and grant the motions for summary judgment filed by West Esplanade Causeway Associates, LLC and Otis Elevator Company. Ms. Robinson's claims against West Esplanade Causeway Associates, LLC and Otis Elevator Company are dismissed with prejudice.

**WRITS GRANTED, JUDGMENT REVERSED;
MOTIONS FOR SUMMARY JUDGMENT GRANTED;
PLAINTIFF'S CLAIMS DISMISSED WITH PREJUDICE**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**FEBRUARY 3, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 20-C-359
### C/W 20-C-404

## E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. LEE V. FAULKNER, JR. (DISTRICT JUDGE)
CLARENCE J. ROBY, JR.               ERIK L. VOLLENWEIDER
                                    P. RYAN PLUMMER

## MAILED
SIDNEY J. ANGELLE               JOHN K. NIESET
ATTORNEY AT LAW                 ATTORNEY AT LAW
400 POYDRAS STREET              601 POYDRAS STREET
SUITE 2300                      SUITE 2300
NEW ORLEANS, LA 70130           NEW ORLEANS, LA 70130